IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV355-MU

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| PAMELA DOWELL BAKER, and KRISTIN LYNN HINSON, as Administratrix of the Estate of MARSHALL HINSON, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court upon Defendants' Motion to Dismiss. Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed this declaratory judgment action seeking a determination of its rights and responsibilities under an insurance policy issued to Defendant Pamela Dowell Baker ("Baker"). State Farm contends that it has no obligation under the policy to defend or indemnify Baker in connection with an underlying state court lawsuit.

The underlying lawsuit, pending in Union County Superior Court, arose from an automobile accident involving a 1987 Mercedes Benz owned by Baker. Baker's son, Sam Baker, was driving the vehicle with her permission on March 6, 2008 when he crossed the centerline of a highway in a no passing zone and crashed into another car, resulting in the death of his passenger, Marshall Hinson. The complaint seeks compensatory damages based on a wrongful death cause of action. State Farm is currently defending Baker in the underlying lawsuit subject to a reservation of rights.

1

In this declaratory judgment action, State Farm is alleging that it does not have any obligation to defend or indemnify Baker in connection with the underlying lawsuit based on the following contentions: (1) the Mercedes was not covered on the date of the accident because Baker acquired ownership of the car and failed to notify State Farm within thirty days; (2) the State Farm policy does not provide liability coverage for the Mercedes because it was not covered, but was owned by Baker and excluded from coverage under the regular use exclusion; and (3) coverage is barred because of fraudulent statements, fraudulent conduct, and/or material misrepresentations in seeking to add the Mercedes to the policy. Defendants have moved to dismiss this action on the grounds that this court should decline to accept jurisdiction over State Farm's petition for declaratory relief because the issues are better resolved in state court.

Pursuant to 28 U.S.C. § 2201, the district court has discretion to decide whether to grant jurisdiction over a petition for declaratory judgment. Continental Cas. Co. v. Fuscardo, 35 F.3d 963, 965 (4th Cir. 1994). In considering whether to exercise jurisdiction, the court should determine whether the declaratory relief sought will "serve a useful purpose in clarifying and settling the legal relations in issue," and whether it will "terminate and afford relief from the uncertainly, insecurity, and controversy giving rise to the proceeding." Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). Where, as here, the court is determining whether to entertain an insurer's request for declaratory judgment on coverage issues when related litigation is pending in the state court, it must also consider additional factors such as federalism, efficiency, and comity. See Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994). These additional concerns require the court to consider:

1) the strength of the state's interest in having the issues raised in the federal

declaratory judgment action decided in the state courts;

(2) Whether the issues raised in the federal action can more efficiently be resolved in the pending state court action;

(3) Whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and

(4) Whether the federal action is being used merely as a device for "procedural fencing," i.e., to provide another forum in a race for *res judicata*.

Id. at 376-77.

Here there is no question that the declaratory relief sought would "serve a useful purpose in clarifying and settling the legal relations at issue" and would afford relief from the uncertainty giving rise to the proceedings. Thus, the court must evaluate the four factors outlined in Nautilus.

The first factor that the court must consider is the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts. There is no question but that the issues of the date of ownership of the Mercedes and the interpretation and application of the policy agreement are governed by state law. The state court certainly has an interest in having these issues decided in state court. While that alone provides no reason for declining to exercise federal jurisdiction, when considered in conjunction with the other factors, the fact that state law controls the questions before the court weighs in favor of declining jurisdiction. See Continental Cas., 35 F.3d at 967. The Plaintiff argues that the court should decline jurisdiction only when the state-law questions are difficult, complex or unsettled. However, the Fourth Circuit has held that the state court still retains an interest in deciding issues

governed by state law, even when those issues involve the application of relatively settled principles of law. See Id.

The second factor that must be considered is whether the issues raised this action can more efficiently be resolved in the pending state court action. At the time State Farm filed this declaratory injunction action the state liability action was already pending and State Farm was, and is currently, defending Ms. Baker in that action. State Farm could have easily brought a state declaratory judgment action and the coverage issues could have been resolved efficiently in the context of the state proceedings. See Id. at 968. In fact, the state court is the only court capable of resolving all aspects of this controversy, since the underlying lawsuit is not removable due to a lack of diversity of citizenship. This factor therefore weighs against this court's exercise of jurisdiction.

As to the third factor, it appears to the court that there is a possibility of overlap of issues between the two lawsuits. While the state suit deals solely with liability issues, Ms. Baker's alleged liability is based upon the family purpose doctrine. Accordingly, ownership of the Mercedes is a necessary element to impute liability for any negligence stemming from the accident to Ms. Baker. Thus, the issue of when Ms. Baker became the owner of the Mercedes will be presented before the state court. Likewise the issue of when Ms. Baker became the owner of the Mercedes will be central to this declaratory judgment action because of State Farm's contention that it has no obligation to defend or indemnify Ms. Baker based on the allegation that she became the owner of the Mercedes on December 6, 2007. Because common facts and law surrounding the issue of ownership will be presented in both the underlying lawsuit and the declaratory judgment action, entanglement between the state court system and the federal court

4

system may occur. This factor militates in favor of declining jurisdiction.

The last factor the court must consider is whether the federal action is being used merely as a device for "procedural fencing." The court is unwilling to conclude that State Farm filed this declaratory judgment action in an effort to forum shop simply because it could have filed the same action in state court. However, since the first three factors weigh in favor of this court declining jurisdiction over this declaratory judgment action, the court will grant the Defendants' Motion to Dismiss.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby GRANTED.

Signed: December 16, 2008

Graham C. Mullen
United States District Judge